UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 03cr10362 PBS |
| ) | Criminal No. |
| ) | |
| v. ) | VIOLATIONS: |
| ) | 21 U.S.C. § 846-- |
| ) | Conspiracy to |
| ) | Distribute Marijuana and |
| ) | to Possess with Intent to |
| ) | Distribute Marijuana |
| 1. CHRISTOPHER SUGAR, ) | |
| 2. SEAN D. STARK, ) | 21 U.S.C. § 841(a)(1)-- |
| 3. TREVOR ROYCE TEAGUE, ) | Possession with Intent to |
| 4. ANIBAL TORRES, ) | Distribute Marijuana |
|   a/k/a PACE; and ) | |
| 5. FABIAN A. RUIZ, ) | 18 U.S.C. § 2--Aiding |
| ) | And Abetting |
| ) | |
| ) | 21 U.S.C. § 853 - |
| ) | Forfeiture Allegation |
|     Defendants. ) | |

INDICTMENT

COUNT ONE:    (21 U.S.C. § 846 -- Conspiracy To Distribute
              Marijuana and to Possess with Intent to Distribute
              Marijuana)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but beginning no later than at least in October of 2003 at Tucson, Arizona, at Rolla, Missouri, at Marlborough and Lawrence, in the District of Massachusetts, and elsewhere,

        1.   CHRISTOPHER SUGAR
        2.   SEAN D. STARK
        3.   TREVOR ROYCE TEAGUE
        4.   ANIBAL TORRES
           a/k/a PACE; and

     5.    FABIAN A. RUIZ

defendants herein, did knowingly and intentionally conspire, confederate, and agree together and with persons unknown to the Grand Jury, to possess with intent to distribute, and to distribute, quantities of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy described herein involved at least 100 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(vii).

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>:   (21 U.S.C. § 841(a)(1) -- Possession with
            Intent to Distribute Marijuana;
            18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about October 22, 2003, at Tucson, Arizona, at Rolla, Missouri, and elsewhere,

    **1.**    **CHRISTOPHER SUGAR; and**
    **2.**    **SEAN D. STARK**

defendants herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

The Grand Jury further charges that the possession with intent to distribute described herein involved at least 100 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(vii).

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT THREE:   (21 U.S.C. § 841(a)(1) -- Possession with
               Intent to Distribute Marijuana;
               18 U.S.C. § 2 -- Aiding and Abetting)

On or about October 24, 2003, at Marlborough, in the District of Massachusetts and elsewhere,

    3.    TREVOR ROYCE TEAGUE
    4.    ANIBAL TORRES; and
    5.    FABIAN A. RUIZ

defendants herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

The Grand Jury further charges that the possession with intent to distribute described herein involved at least 100 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(vii).

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## **FORFEITURE ALLEGATION**
(21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts One through Three of this Indictment, the defendants,

    1.     CHRISTOPHER SUGAR
    2.     SEAN D. STARK
    3.     TREVOR ROYCE TEAGUE
    4.     ANIBAL TORRES
           a/k/a PACE; and
    5.     FABIAN A. RUIZ

shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2. If any of the property described in paragraph 1 above, as a result of any act or omission of the defendant,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. §

853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
Cynthia W. Lie
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS                December 3, 2003

　　　Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk   12:31pm

-7-